1
2
3

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

4
5
6

_____
)
)
LUCIAETTA IVEY,                                    )
)
            Plaintiff,                                   )                    2:11-cv-02044-RCJ-RJJ
)
      vs.                                                 )
)                              **ORDER**
JOHN SPILOTRO et al.,                          )
)
            Defendants                             )
_____)

7
8
9
10
11
12

      This case arises from allegations of legal malpractice and civil conspiracy during the course of prior divorce proceedings.  Defendants Phillip Ivey, Jr., John Spilotro, and David Chesnoff have moved to dismiss pursuant to Fed. R. Civ. P. 9(b), 12(b)(1), and 12(b)(6).  For the reasons given herein, the Court denies the motions to dismiss.

## I.      FACTS AND PROCEDURAL HISTORY

      Plaintiff Luciaetta Ivey seeks damages from her former husband, Defendant Phillip Ivey, Jr. ("Ivey"), her former divorce attorney, Defendant John Spilotro, and her ex-husband's attorney, Defendant David Chesnoff, for conspiring to deprive her of community property assets during her divorce proceeding. (*See* Compl. ¶ 2, ECF No. 1).  Specifically, Plaintiff seeks to hold Spilotro liable for legal malpractice, and to hold all Defendants liable for conspiring with Spilotro to commit legal malpractice. (*See id.* ¶¶ 2, 4).

Plaintiff and Ivey initiated divorce proceedings in December 2009 in Nevada state court, after seven years of marriage. (*Id.* ¶ 1). Ivey hired Chesnoff to represent him in the divorce. (*Id.*). At the suggestion of Ivey and Chesnoff, Plaintiff hired Spilotro to represent her. (*Id.*). Ivey paid Spilotro's legal fees himself, and Plaintiff never signed a fee agreement or personally paid Spilotro any legal fees. (*Id.* ¶ 2). Plaintiff only met with Spilotro twice during his representation of her. (*Id.*). Spilotro never conducted financial discovery, did not appraise the community assets, and never sought, nor received, a financial disclosure form from Ivey prior to allowing Plaintiff to enter into a marital settlement agreement. (*Id.*). As a result, Plaintiff did not receive her equal share of the community property assets. (*Id.* ¶ 6). The state court entered a divorce decree on December 29, 2009, formally dissolving the marriage. (Mot. Dismiss 1, ECF No. 9).

In June 2011, Plaintiff filed motions in state court: (1) to hold Ivey in contempt for failing to pay alimony; (2) to re-open financial discovery in her prior divorce proceeding; and (3) challenging her marital property settlement. (*Id.* at 6–7). In August 2011, she filed another motion in state court seeking to disqualify the judge who presided over her divorce proceeding. (*Id.* at 7). By December 2, 2011, after several months of hearings, the state court ultimately denied all of her motions. (*Id.* at 7–8).

On December 20, 2011, Plaintiff filed the Complaint in this Court alleging: (1) legal malpractice against Spilotro; and (2) civil conspiracy against Ivey, Chesnoff, and Spilotro. On December 28, 2011, she appealed the state court's denial of her motions filed in state court to the Nevada Supreme Court. Defendants have filed separate but similar motions to dismiss. In her responses, Plaintiff requests leave to amend.

///

1    **II.      LEGAL STANDARDS**

2       **A.      Fed. R. Civ. P. 12(b)(1)**

3        A Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction may be a facial

4  or a factual challenge to the existence of federal jurisdiction. *White v. Lee*, 227 F.3d 1214, 1242

5  (9th Cir. 2000).  A facial challenge alleges that the pleadings are insufficient to support subject

6  matter jurisdiction. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).  A

7  factual challenge alleges that there is no actual existence of jurisdiction. *Id.*  When a party makes

8  a facial challenge, the court must accept the allegations of the pleadings as true. *Id.*  However,

9  when a party makes a factual challenge, the court is not required to presume the truth of the

10  allegations and may consider other properly presented evidence in the record for the purposes of

11  determining the existence of subject matter jurisdiction. *Id.*   The party who asserts that the court

12  has subject matter jurisdiction has the burden to prove such jurisdiction, regardless of whether it

13  is the moving party. *In re Dynamic Random Access Memory (DRAM) Antitrust Litig.*, 546 F.3d

14  981, 984–85 (9th Cir. 2008).

15       **B.      Fed. R. Civ. P. 12(b)(6)**

16        Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the

17  claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of

18  what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47

19  (1957).  Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action

20  that fails to state a claim upon which relief can be granted.  A motion to dismiss under Rule

21  12(b)(6) tests the complaint's sufficiency. *See N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578,

22  581 (9th Cir. 1983).  When considering a motion to dismiss under Rule 12(b)(6) for failure to

23  state a claim, dismissal is appropriate only when the complaint does not give the defendant fair

24

notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).  The court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a violation is plausible, not just possible. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 555).

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion.  However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citation omitted).  Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994).  Moreover, under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986).  Otherwise, if the district court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

///

**III.    ANALYSIS**

Defendants argue that this Court should dismiss pursuant to Rule 12(b)(1) because: (1) it is barred by the *Rooker-Feldman* doctrine; (2) the *Colorado River* abstention doctrine requires dismissal; (3) the *Burford* abstention doctrine requires dismissal; (4) the claims fall under the domestic relations exception of federal jurisdiction; (5) the claims are a collateral attack on the state court judgment; and (6) the claims are not yet ripe for adjudication.  Defendants further argue that this Court should dismiss pursuant to Rules 9(b) and 12(b)(6) because: (1) Plaintiff has not pled her claims with particularity; and (2) Plaintiff has failed to state a claim for civil conspiracy.  Finally, Defendants argue that Plaintiff should not be allowed to amend because she failed to comply with Local Rule 15-1(a).

**A.  The *Rooker-Feldman* Doctrine**

Defendants argue that dismissal is required under the *Rooker-Feldman* doctrine because the Complaint is a forbidden *de facto* appeal from the divorce decree entered in state court.  The *Rooker-Feldman* doctrine prohibits "state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced" from filing claims in federal court that essentially ask the federal district court to review and reject the state court decision. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280, 284 (2005).  If the plaintiff brings a forbidden de facto appeal, the federal court must dismiss the forbidden appeal and "any issue raised in the suit that is 'inextricably intertwined' with an issue resolved by the state court in its judicial decision." *Noel v. Hall,* 341 F.3d 1148, 1158 (9th Cir. 2003).

Plaintiff's claims are not barred by the *Rooker-Feldman* doctrine because she is not bringing a forbidden *de facto* appeal, as she complains of legal wrongs caused by adverse parties, and not the state court judgment.  Plaintiff is not asking this court to determine whether the state

1    court was correct in denying her motions to re-open financial discovery or to recuse the judge;

2    instead, she seeks damages for the wrongful acts committed by her former husband, his attorney,

3    and her former attorney in her prior divorce proceedings.  As such, her claim is not a forbidden

4    de facto appeal because it does not challenge the factual or legal conclusions made by the state

5    court. *See Manufactured Home Cmty. Inc. v. City of San Jose,* 420 F.3d 1022, 1030 (9th Cir.

6    2005) (holding that a plaintiff's complaint which did not "directly challenge a state court's

7    factual or legal conclusion" was not barred by the *Rooker-Feldman* doctrine).  Furthermore,

8    Defendant's arguments that her claim is "inextricably intertwined" do not support dismissing the

9    action on the basis of the *Rooker-Feldman* doctrine.  "Only when there is already a forbidden de

10   facto appeal in federal court does the "inextricably intertwined" test come into play." *Noel*, 341

11   F.3d at 1158.  Accordingly, this Court has subject matter jurisdiction over Plaintiff's claims.

##### B.  Colorado River Abstention

13       Defendants next argue that dismissal is required under the *Colorado River* abstention

14   doctrine because: (1) the Nevada state court has assumed jurisdiction over the *res* of the

15   Complaint; (2) the Nevada state courts are a more convenient forum as the claims arise from

16   marital dissolution, an area of significant state interest; (3) Plaintiff seeks to litigate her marital

17   settlement piecemeal; (3) Nevada state court assumed jurisdiction first and has continued its

18   jurisdiction; (4) there are no federal interests at stake as all of her claims are state-law claims;

19   and (5) Nevada courts can adequately protect her rights and address all issues related to her

20   claims.

21       In *Colo. River Water Conservation Dist. v. Uunited States*, the Supreme Court held that

22   principles of "wise judicial administration" may sometimes require a court to abstain from

hearing a claim. 424 U.S. 800, 817 (1976).  In the Ninth Circuit, the court must consider eight

factors when deciding whether to abstain under *Colorado River*:

> (1) which court first assumed jurisdiction over any property at stake; (2) the
> inconvenience of the federal forum; (3) the desire to avoid piecemeal litigation;
> (4) the order in which the forums obtained jurisdiction; (5) whether federal law or
> state law provides the rules of decision on the merits; (6) whether the state court
> proceedings can adequately protect the rights of the federal litigants; (7) the desire
> to avoid forum shopping; and (8) whether the state court proceedings will resolve
> all of the issues before the federal court.

*R.R. Street & Co. v. Transport Ins. Co.*, 656 F.3d 966, 978–79 (9th Cir. 2011) (quoting *Moses H.*

*Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 23 (1983); *Colorado River*, 424 U.S. at

818).  No one factor is determinative. *Colorado River*, 424 U.S. at 819.  The doctrine is limited

and only allows a court to abstain in "exceptional cases" where "the clearest of justifications"

warrant dismissal. *R.R. Street & Co.*, 656 F.3d at 978 (quoting *Colorado River*, 424 U.S. at 819).

*Colorado River* abstention is not appropriate in this case because none of the factors favor

dismissing the federal action.

   First, whether the Nevada Supreme Court has assumed jurisdiction over any property at

stake does not apply to this action because Plaintiff seeks only money damages, which are not

the tangible form of property the *Colorado River* Court had in mind. *See Travelers Indem. Co. v.*

*Madonna,* 914 F.2d 1364, 1368 (9th Cir. 1990) (holding that "money is not the sort of tangible

physical property referred to in *Colorado River*").  Furthermore, assuming that money could

constitute a *res* under the control of a court, e.g., as in a forfeiture case, Plaintiff's damages will

not come from any community property that the Nevada state court has assumed jurisdiction

over.  For one, any damage award against Ivey will come from what is now his separate

property, as the marriage was dissolved in 2009 and any of his earnings since then are not

considered community property. *See U.S. v. Real Prop. Located at Incline Vill.,* 976 F. Supp.

1327, 1341 (D. Nev. 1997) (noting that in Nevada, community property interests exist only while the "marriage continues").  In addition, Plaintiff's claim for legal malpractice is against Spilotro, who was not a party to her prior marriage, and therefore would not pay any damages owed of the community property estate.  Finally, under Nevada law, Plaintiff may hold co-conspirators jointly and severally liable for damages. Nev. Rev. Stat. § 41.141(5)(d).  Therefore, Plaintiff can choose to seek full payment of her damage awards from either Chesnoff or Spilotro, who were not parties to her former marriage and cannot access the community property estate.  As such, this factor does not favor dismissal.

Second, inconvenience of the federal forum does not favor dismissal because the parties have already chosen to litigate the divorce in Nevada state court, and therefore, litigating this matter in federal court in Nevada is no more or less convenient.

Third, Plaintiff is not seeking to adjudicate her divorce proceeding piecemeal by asserting these claims in federal district court.  Piecemeal litigation happens when different courts "consider the same issue, thereby duplicating efforts and possibly reaching different results." *R.R. Street & Co.*, 656 F.3d at 979.  Plaintiff's legal malpractice and civil conspiracy claims are completely different issues from her state court proceeding, which seeks to re-open financial discovery in her divorce case, recuse a judge, and hold Ivey in contempt for not paying alimony. Although the Nevada state court may address whether the financial discovery conducted during the divorce proceeding was adequate, it will not address whether Spilotro's failure to conduct financial discovery was a breach of a duty owed to Plaintiff, nor will it address whether there was a conspiracy among Defendants to deprive Plaintiff of her equal share of community property.  These are very different claims, and this factor does not favor dismissal.

Fourth, the federal court is the first court and only court to assume jurisdiction over the legal malpractice and civil conspiracy claims because, as noted above, these claims are completely different from the claims currently pending before the state court.  This factor does not favor dismissal.

Fifth, although the merits of these claims will be resolved under state law rather than federal law, the claims do not present complicated issues of state law that would warrant dismissal of the claim.  *Colorado River* allows dismissal where state law provides the rule of decision "only in rare circumstances." *Travelers Indem. Co.*, 914 F.2d at 1370 (quoting *Moses H. Cone Mem'l Hosp.,* 460 U.S. at 26).  "Routine issues of state law . . . which the district court is fully capable of deciding" do not present "rare circumstances." *Id.*  Plaintiff's claims are for civil conspiracy and legal malpractice, both of which are routine issues of state law that this Court is capable of determining.  As such, this factor does not favor dismissal.

Sixth, it is unlikely that the Nevada state court can protect Plaintiff's rights because she may not be able to bring these claims before the state court.  Plaintiff did not raise these claims in her divorce proceeding, she has not raised them on appeal, and she may encounter a statute of limitations issue under Nevada law if this timely filed action is dismissed and she is forced to re-file in state court.  Furthermore, "[t]his factor involves the *state* court's adequacy to protect *federal rights*, not the federal court's adequacy to protect state rights." *Travelers Indem. Co.,* 914 F. 2d at 1370.  As such, this factor does not favor dismissal.

Seventh, Plaintiff's filing of previously unasserted claims in federal court on the basis of diversity jurisdiction is not "forum shopping."  "The desire for a federal forum is assured by the constitutional provision for diversity jurisdiction," and, as such, federal courts "are cautious about labeling as 'forum shopping' a plaintiff's desire to bring previously unasserted claims in

federal court." *R.R. Street & Co.,* 656 F.3d at 981.  Plaintiff did not assert her legal malpractice and civil conspiracy claims in state court, *see* (Mot. to Dismiss (#9) at 7-8), and now asserts them in federal court on the basis of diversity jurisdiction.  (Compl. (#1) at 1).  As such, Plaintiff is not forum shopping and this factor does not favor dismissal.

Finally, there is substantial doubt as to whether the state court proceedings will not resolve all of the issues before the federal court.  This factor only applies when the two suits are "substantially similar." *R.R. Street & Co.*, 656 F.3d at 982.  As noted above, the two suits contain very different issues and, therefore, are likely not "substantially similar."  Furthermore, any "substantial doubt as to whether the state proceeding will resolve the federal action precludes a *Colorado River* stay or dismissal." *R.R. Street & Co.,* 656 F.3d at 982 (quotations omitted). Defendants are correct when they argue that if the Nevada state court overrules the state district court's decision and allows financial discovery to be re-opened, Plaintiff's claims for legal malpractice may be rendered moot, as she will not be able to prove damages from the alleged malpractice or conspiracy if she is ultimately awarded a share of the community property satisfactory to her.  However, it is also possible that Nevada Supreme Court will affirm the state district court's decision, or that Plaintiff may not receive a share share of community property sufficient to satisfy her even if financial discovery is re-opened.  Given the substantial doubt as to whether the issues will be resolved, this factor does not favor dismissal.  Accordingly, *Colorado River* abstention is not appropriate.

## C. *Burford* Abstention

Defendants next argue that dismissal is required under the *Burford* abstention doctrine because: (1) Nevada has concentrated suits of this kind in a particularized family court; (2) there are no federal issues in Plaintiff's complaint; (3) the federal court will act as a *de facto* appellate

1    court for domestic relation matters if it chooses to hear this appeal; and (4) Plaintiff is already

2    pursuing state court appellate review of her claims.  In *Burford v. Sun Oil Co.,* 319 U.S. 315

3    (1943), the Supreme Court held that a federal court should abstain from deciding matters that are

4    mainly of local state concern and "within the special competence of the state courts." *Tucker v.*

5    *First Md. Sav. & Loan Assoc.*, 942 F.2d 1401, 1405 (9th Cir. 1991).  In the Ninth Circuit,

6    *Burford* abstention is appropriate where:  (1) "the state has concentrated suits involving the local

7    issue in a particular court; (2) the federal issues are not easily separable from complicated state

8    law issues with which the state courts might have special competence; and (3) federal review

9    might disrupt state efforts to establish a coherent policy." *Id.  Burford* abstention is not

10   appropriate here because: (1) Plaintiff has not asserted equitable claims for relief; (2) none of the

11   *Burford* factors favor abstention in this case; and (3) the presence of Plaintiff's parallel state

12   court proceeding does not warrant staying her case.

13          First, Plaintiff seeks legal, not equitable, relief, and therefore this Court may not dismiss

14   the claims under *Burford.*  A federal court may dismiss a claim under *Burford* "only where the

15   relief being sought is equitable or otherwise discretionary." *Quackenbush v. Allstate Ins. Co.*,

16   517 U.S. 706, 731 (1996).  A federal court may, however, choose to stay an action for damages

17   "pending the resolution by the state courts of a disputed question of state law." *Id.* at 730–31.

18   Plaintiff is correct when she argues that this Court may not dismiss her claim under *Burford*

19   because this is a damages action and Plaintiff does not seek any equitable relief in her complaint.

20          Second, *Burford* abstention is not appropriate because none of the factors favor staying

21   the proceedings.  Although Defendants are correct when they argue that Nevada has concentrated

22   domestic relations disputes in a particularized family court, Plaintiff's claims for legal

23   malpractice and civil conspiracy do not involve family law issues and may be brought in any

24

court of general jurisdiction.  Similarly, the federal issues are easily separable from complicated

state law issues because there are no federal issues in Plaintiff's complaint as she brings her

claims on the basis of diversity jurisdiction, and, as noted above, the claims she brought in

federal court encompass completely different issues than her appeal pending in state court.

Finally, federal review of these claims will not disturb state efforts to adopt a coherent policy

concerning legal malpractice and civil conspiracy claims because a federal court acting under

diversity jurisdiction "sits in the same posture as the [state] court," and, therefore, "[t]he result

would not be different in this federal proceeding than would be achieved in the . . . state court

proceeding."  *Yares v. Bear Stearns Residential Mortg. Corp.*, No. cv-10-2575-PHX-JAT, 2011

WL 1376277, at *5 (D. Ariz. Apr. 12, 2011).  As such, none of the *Burford* factors favor staying

the proceedings.

Finally, the fact that Plaintiff has concurrent suits pending does not warrant abstention

under *Burford*.  For one, the Supreme Court has long recognized that concurrent jurisdiction

alone does not warrant abstention or dismissal. *See Exxon Mobil Corp.*, 544 U.S. at 292.  In

addition, although Plaintiff's claims arose from conduct that occurred during her divorce

proceeding, her marital status has already been determined as a matter of law by the state court,

and whether she is divorced or married is irrelevant for adjudicating her claims of legal

malpractice and civil conspiracy. *See Ankenbrandt v. Richards*, 504 U.S. 689, 705–06 (1992)

(holding that *Burford* abstention is not appropriate where the parties' marital status is determined

as a matter of law and is irrelevant to the underlying torts).  Accordingly, *Burford* abstention is

not appropriate.

///

///

1

### D.  The Domestic Relations Exception

2        Defendants next argue that this Court lacks subject matter jurisdiction over this claim

3   because it falls within the domestic relations exception to federal jurisdiction as it is basically an

4   attack on the state court's allocation of community property assets.  The domestic relations

5   exception prohibits a federal court from hearing claims that would require the court to enter

6   "divorce, alimony, and child custody decrees." *Ankenbrandt*, 504 U.S. at 703.  A federal court

7   may also choose to abstain from claims that tangentially involve domestic relations status

8   determinations in which the court must determine the status of the parties in order to adjudicate

9   the issue. *Steel v. United States*, 813 F.2d 1545, 1552 (9th Cir. 1987).  Plaintiff's claims do not

10  fall within the domestic relations exception because she is not asking this Court to issue a

11  divorce or alimony decree.  Nor will determination of her domestic status be necessary to

12  adjudicate her legal malpractice and civil conspiracy claims.

13       First, Plaintiff is not asking this court to determine her marital status or to adjust her

14  rights under the state court community property settlement.  Her legal malpractice and civil

15  conspiracy claims seeks redress for damages she suffered due to Defendants' independent

16  tortious misconduct during her divorce proceeding.  She does not attack the propriety of the state

17  court decree.  As such, her claims do not fall within the domestic relations exception. *See*

18  *Ankenbrandt*, 504 U.S. at 704 (holding that a lawsuit seeking recovery for the defendants' torts

19  did not fall within the domestic relations exception because it did not seek a divorce, alimony, or

20  child custody decree).

21       Furthermore, her claims against Defendants Spilotro and Chesnoff do not fall within the

22  domestic relations exception because these are claims against third parties that, while motivated

23  by conduct that occurred during divorce proceeding, do not require consideration of her marital

24

1  status, did not arise out of a marital relationship, do not require application of any marital rule,

2  and do not require a determination of whether any family relations duties have been breached.

3  *See Wasserman v. Wasserman*, 671 F.2d 832, 834–35 (4th Cir. 1982) (holding that the domestic

4  relations exception does not apply to tort claims brought against third parties when there was no

5  marital relationship, and adjudication of the claims did not require determination of domestic

6  status, family-relations duties, or application of rules of law "particularly marital in nature").

7  Accordingly, Plaintiff's claims do not fall within the domestic relations exception to federal

8  jurisdiction.

9        **E.  Collateral Attack**

10        Defendants next argue that this Court should dismiss Plaintiff's complaint because it is an

11  impermissible collateral attack on the state court's denial of her motions to re-open her divorce

12  proceedings.  Section 1738 of Title 28 requires federal courts to give full faith and credit to

13  judgments entered by state courts.  A federal district court has no jurisdiction to grant relief when

14  such relief amounts to an impermissible collateral attack on a state court judgment. *See Branson*

15  *v. Nott*, 62 F.3d 287, 291–92 (9th Cir. 1995).  However, Plaintiff is correct when she argues that

16  she is not collaterally attacking the state court's judgment, because her claims for legal

17  malpractice and civil conspiracy do not seek to overturn or invalidate the judgment, nor do they

18  seek the same relief denied by the state court.  Her complaint in fact implies that the state court

19  reached the correct decision (and likely the only one that it could) due to the poor lawyering of

20  her attorney and Defendants' conspiracy to deprive her of an equal share of the community

21  property.  Furthermore, although her legal malpractice claim alleges that she was not in the

22  position she should have been in after conclusion of the case, her allegations focus on the fault of

23

24

1    Defendants and not on whether the state court judgment was proper.  As such, Plaintiff's

2    complaint is not an impermissible collateral attack on the state court judgment.

3        **F.  Ripeness**

4        Defendants next argue that this Court lacks subject matter jurisdiction over Plaintiff's

5    claims because her claims are not yet ripe for adjudication.  "A claim is not ripe for adjudication

6    if it rests upon contingent future events that may not occur as anticipated, or indeed may not

7    occur at all." *Texas v. United States*, 523 U.S. 296, 300 (1998).  Federal courts have no

8    jurisdiction over claims that are not yet ripe for adjudication and must dismiss them. *Wolfson v.*

9    *Brammer*, 616 F.3d 1045, 1053 (9th Cir. 2010).  When determining issues of ripeness, the court

10   must consider both a constitutional and a prudential component. *Id.* at 1057.  The constitutional

11   component requires the court to assess whether the issues are "definite and concrete, not

12   hypothetical or abstract." *Id.* at 1058 (quotations omitted).  The prudential component requires

13   the court to assess whether the issues are fit for judicial decision "and the hardship to the parties

14   of withholding court consideration." *Id.* at 1060.  A claim is "fit for decision" if the "issues

15   raised are primarily legal, do not require further factual development, and the challenged action

16   is final." *Id.* (quotations omitted).  A plaintiff can prove hardship by presenting proof that

17   "withholding review would result in a direct and immediate hardship and would entail more

18   possible financial loss." *Id.*

19       Plaintiff's claims appear unripe at first glance because the issue of her damages rests on

20   the contingent future event of whether the state court will ultimately re-open financial discovery

21   in her divorce proceeding.  To prevail on her legal malpractice claim, Plaintiff must prove that

22   Spilotro failed to act as a competent attorney practicing in his field would have acted, that such

23   failure caused damage to Plaintiff, and that Plaintiff suffered actual damage as a result.  *See Day*

24

1    *v. Zubel*, 922 P.2d 536, 538 (Nev. 1996).  To prevail on her civil conspiracy claim, Plaintiff must

2    prove that Defendants entered into a conspiracy agreement "to accomplish an unlawful objective

3    for the purpose of harming" her by defrauding her, and that she suffered damages as a result of

4    the agreement. *See Jordan v. State*, 110 P.3d 30, 51 (Nev. 2005), *abrogated on other grounds by*

5    *Buzz Stew, LLC v. City of N. Las Vegas*, 181 P.3d 670 (Nev. 2008).  It may appear that Plaintiff

6    can only prove damages for either of these claims if the state court either denies her request to re-

7    open financial discovery or ultimately affirms the prior marital property settlement after re-

8    opening financial discovery.  It is possible that the state court will re-open financial discovery

9    and grant her either the share of community property assets she demands, thereby obviating her

10   damages, or at least award her a higher share than she previously received, thereby altering the

11   damage amount she may be entitled to receive under her current legal malpractice or civil

12   conspiracy claims.

13         However, at oral argument, Plaintiff argued that she has ripe damages to the extent she

14   has been made to pay more in federal income taxes than if she had received a judgment or

15   settlement untainted by the alleged malpractice.  She argues that an award in her favor as to the

16   underlying state court decree will not alleviate this harm.  The Court accepts this argument.

17   Although a remand to the state court by the Nevada Supreme Court could presumably in an

18   appropriate case result in a subsequent decree alleviating this harm under the family court's

19   broad equitable powers, counsel both appeared to concede that the underlying equities of the

20   divorce decree were not on appeal in the present case.  The Court will therefore not dismiss,

21   although Plaintiff's damages will necessarily be limited.  Because the Court refuses to dismiss

22   the Complaint based purely upon the tax argument, Plaintiff will be judicially estopped from

23   arguing at trial that her damages are anything other than the difference in federal income taxes

24

that she paid under the settlement versus what she would have paid in federal income taxes had

she rejected the settlement and entered into a previous settlement that Spilotro talked her out of.

Nor can she rely upon speculation as to what the state court's judgment would have been if there

was in fact no prior settlement offer or if she had forced the case to judgment despite a settlement

offer, as this would require the Court to adjudicate the underlying equities of the divorce, which

is not permitted under the domestic relations exception.  In other words, Plaintiff may claim the

loss of the benefit of a more favorable settlement due to malpractice and conspiracy, because

settlements are contracts, and this Court may determine contractual matters without delving into

the equities of domestic relations issues, but she may not claim the loss of the benefit of a

speculative family law decree, which this Court does not have jurisdiction to determine even in a

malpractice context.

### G.  Fed. R. Civ. 9(b) Particularity

Defendants next argue that Plaintiff's claims should be dismissed pursuant to Rules 9(b)

and 12(b)(6) because she has not pled her claims with particularity.  Rule 9(b) provides that "[i]n

alleging fraud or mistake, a party must state with particularity the circumstances constituting

fraud or mistake.  Malice, intent, knowledge, and other conditions of a person's mind may be

alleged generally." Fed. R. Civ. P. 9(b).  Under Rule 9(b), a plaintiff must be specific enough to

give defendants notice of the particular misconduct so that they can defend against the charge

and not just deny that they have done anything wrong. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d

1097, 1106 (9th Cir. 2003).  "Averments of fraud must be accompanied by 'the who, what,

when, where, and how' of the misconduct charged." *Id.*  A "plaintiff must set forth *more* than the

neutral facts necessary to identify the transaction.  The plaintiff must set forth what is false or

misleading about a statement, and why it is false." *Id.*

Plaintiff has pled her claims with the particularity required by Fed. R. Civ. P. 9(b).[1] Plaintiff has alleged that Defendants Ivey, Spilotro, and Chesnoff (the "who") conspired to deprive her of her fair share of community property (the "what") in December 2009 (the "when") during the ongoing divorce proceeding in Las Vegas, Nevada (the "where") by having Ivey and his counsel Chesnoff suggest that she hire Spilotro to represent her, that Ivey paid Spilotro's legal fees, and that Spilotro later failed to conduct any sort of financial discovery before allowing her to sign a marital settlement that was far more favorable to Ivey (the "how"). These allegations sufficient to put Defendants on notice of particular misconduct. *See Vess*, 317 F.3d at 1106. As such, she has sufficiently pled her conspiracy and legal malpractice claims with particularity. Although dismissal is not proper on this basis, this Court will grant the motions to dismiss because her claims are not yet ripe for adjudication.

### H. Amendment

Finally, Defendants oppose Plaintiff's request to amend because she has not complied with Local Rule 15-1(a), which requires attachment of a proposed amended pleading. *See* Local R. Civ. Prac. 15-1(a). A court may deny a motion to amend pleadings for failure to comply with the local rules. *Ward v. Circus Circus Casinos, Inc.*, 473 F.3d 994, 1000 (9th Cir. 2007). The will deny leave to amend for this reason, though Plaintiff remains free to file another motion in compliance with the local rules so that the Court can examine a proposed amendment before granting leave to file it.

---

[1] Although not specifically designated as such in her complaint, Plaintiff's civil conspiracy claim appears to be a conspiracy-to-defraud claim, because she is essentially alleging that the Defendants acted in concert to deceive her of her community property rights by failing to conduct financial discovery and allowing her to sign a marital property agreement that did not award her an equal share of community property. Furthermore, her legal malpractice claim is based on the same allegations as her civil conspiracy claim. Therefore, she must also plead this claim with particularity. *See Vess*, 317 F.3d at 1106 (holding that Rule 9(b) requires all "averments of fraud" to be pled with particularity).

Finally, at oral argument, Defendants noted that Plaintiff had complied with their demands for security of costs, rendering that motion moot.

## CONCLUSION

IT IS HEREBY ORDERED that the Motions to Dismiss (ECF Nos. 9, 14, 18) are DENIED.

IT IS FURTHER ORDERED that the Motion for Demand for Security of Costs (ECF No. 7) is DENIED.

DATED:  This 9th day of July, 2012.

_____
ROBERT C. JONES
United States District Judge